IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIRLA PRECISION TECHNOLOGIES, INC., Plaintiff, | ) |
| v. | ) Case No. 1:17-cv-3125 ) |
| | ) Judge Elaine E. Bucklo |
| ERI AMERICA, INC., Defendant. | ) Magistrate Judge M. David Weisman |

**PLAINTIFF'S SWORN MOTION FOR ENTRY OF CONDITIONAL JUDGMENT AGAINST FRANK FULLONE**

Plaintiff Birla Precision Technologies, Ltd. ("Birla"), by its attorneys and pursuant to Fed. R. Civ. P. 69(a), 735 ILCS §§ 5/2-1402(f)(1), 2-1402(k-3), and 12-706, requests the Court to enter a conditional judgment against Frank Fullone ("Frank") in the amount of $163,619.12 for its failure to respond to Birla's 10/13/17 Citation to Discover Assets ("Citation," attached as exhibit 1). In support of this motion, Birla states as follows:

### Relevant Background

1. On June 9, 2017, the Court granted Birla's motion for default judgment against defendant ERI America, Inc. ("ERI"). (6/9/17 Judgment [11] ("Judgment"), exhibit 2).

2. On October 10, 2017, Birla had the Citation issued (ex. 1), and served it on Frank by certified mail on October 12, 2017. (U.S. Postal Service Certified Mail online delivery information, exhibit 3); *see also* IL SCR Rule 277(c) ("the citation will be served and returned in the manner provided by rule for service ... of a notice of additional relief upon a party in default"); IL SCR Rule 105(b) (a notice of additional relief may be served by certified mail, return receipt requested).

3. Birla had reason to believe that Frank had knowledge of property, income or indebtedness belonging to ERI because Fifth Third Bank produced ERI's bank records showing Frank as an authorized actor on ERI's account. (Exhibit 4, account number redacted).

4. The Citation demanded a sworn answer and delivery of responsive documents by October 27, 2017. (*Id.*).

5. Frank did not provide any response or documents by October 27th.

6. Accordingly, conditional judgment should be entered against Frank under sections 2-1402(f)(1), 2-1402(k-3), and 12-706 of the Illinois Code of Civil Procedure ("Code").

7. As of November 6, 2017, the amount of the Judgment which remains unsatisfied, including interest, is $163,619.12.

## ARGUMENT

8. Federal judgment enforcement proceedings are governed by FRCP 69 and forum state law. Rule 69(a) of provides (Fed. R. Civ. Proc. 69(a)):

> "(a) IN GENERAL.
>
> (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

9. Section 2-1402 of the Code provides for supplementary proceedings to enforce judgments. 735 ILCS 5/2-1402. Section 2-1402(f)(1) provides the court may enter judgment against a third-party citation respondent which violates the restraining provision of a citation, in the amount

of the outstanding judgment or the value of the property transferred in violation of the restraining provision, whichever is less. *Id.*, § 2-1402(f)(1).

10. Section 2-1402(k-3) of the Code allows the court to enter judgment against a citation respondent pursuant to the Garnishment sections of the Code. 735 ILCS 5/2-1402(k-3); 735 ILCS 5/12-701 *et seq.* Section 12-706, in light of section 2-1402(k-3), allows the court to enter conditional judgment against a citation respondent who fails to answer the citation. 735 ILCS 5/12-706.

11. Frank's failure to properly respond to the citation warrants entry of conditional judgment under the Code.

WHEREFORE, Birla requests the Court to enter conditional judgment against Frank in the amount of $163,619.12, and awarding Birla any other appropriate relief.

DATE: November 6, 2017

Scott A. Schaefers
BROTSCHUL POTTS LLC
30 N. LaSalle St., Ste. 1402
Chicago, IL 60602
Phone: (312) 268-6795
Email: sschaefers@brotschulpotts.com

Respectfully submitted,

BIRLA PRECISION TECHNOLOGIES, LTD., Plaintiff.

By: _____
Scott A. Schaefers, One of Its Attorneys

### DECLARATION

I, Scott A. Schaefers, attorney for plaintiff Birla Precision Technologies, Ltd., pursuant to 28 U.S.C. § 1746(2) and subject to penalty of perjury, declare that I have personal knowledge of the foregoing statements, which are true and correct to the best of my information and belief; that the exhibits attached to this Motion are true and correct copies of the documents they are asserted to be; and that I signed this Declaration on November 6, 2017 in Chicago, Illinois.

_____
Scott A. Schaefers

# CERTIFICATE OF SERVICE

      I, Scott A. Schaefers, attorney for plaintiff Birla Precision Technologies, Ltd., certify that on **November 6, 2017**, I served a true and correct copy of this **Sworn Motion for Entry of Conditional Judgment against Frank Fullone** ("Motion") on the following parties by the methods indicated, by depositing copies of the Motion in postage-prepaid envelopes, addressed as follows, and depositing the sealed envelopes in a U.S. Mailbox located at 30 N. LaSalle St., Chicago, IL 60602:

| | |
|---|---|
| Frank Fullone | ERI America, Inc., defendant |
| 5 Wellesly Ct. | c/o James A. Marino, registered agent |
| Hawthorn Woods, IL 60047 | 5521 N. Cumberland Ave., Ste. 1109 |
| **By U.S. Certified Mail** | Chicago, IL 60656 |
| **Tracking No. 7014 0150 0002 2345 1821** | **By U.S. Mail** |

_____
Scott A. Schaefers

Date: November 6, 2017