UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIRLA PRECISION TECHNOLOGIES, INC. ) ) *Plaintiff/Judgment-Creditor*, ) ) v. ) ) ERI AMERICA, INC. ) ) ) *Defendant/Judgement-Debtor,* ) ) v. ) ) FRANK FULLONE and MARIA G. ) FULLONE, ) ) *Citation Respondents,* ) | Case No. 1:17-cv-3125<br><br>Judge Elaine E. Bucklo<br>Magistrate Judge M. David Weisman |

## MEMORANDUM OPINION AND ORDER

Before the Court is (1) Citation Respondents Frank and Maria Fullone's ("Citation Respondents") motion to quash third-party citations to discover assets [68] issued by Plaintiff Birla Precision Technologies, Inc. ("Birla") on the basis of improper service, (2) Plaintiff's motion for conditional judgment against Maria Fullone [59], and (3) Plaintiff's motion for conditional judgment against Frank Fullone [61]. For the reasons set forth below, the Court grants Citation Respondents' motion to quash and denies Plaintiff's motions for conditional judgment against Frank and Maria Fullone.

### Background

In October 2017, Plaintiff issued third-party citations to discover assets to Citation Respondents in an attempt to enforce a default money judgment entered against Defendant ERI America, Inc. ("ERI"). (*See* Dkt. 85 at Exhs. 1 and 5.) Plaintiff alleges that the post office left

two notices for Mr. Fullone on October 12th and October 18th and eventually returned the citation notice to Plaintiff on October 28th along with an unexecuted Green Card (which reflects that the mail was not sent restricted delivery). (Dkt. 85 at Exh. 2.) The tracking notes indicate the following: "Notice Left (No Authorized Recipient Available)." (Dkt. 85 at Exh. 3.)

Plaintiff similarly alleges that the post office left two notices for Mrs. Fullone on October 16th and November 4th, and returned the citation notice to Plaintiff on November 14th along with an unexecuted Green Card (which reflects that the mail was sent restricted delivery). (Dkt. 85 at Exh. 6.) The tracking notes for Mrs. Fullone's citation notice also indicate the following: "Notice Left (No Authorized Recipient Available)." (Dkt. 85 at Exh. 7.) Plaintiff further alleges that it mailed the third-party citation notices to ERI's registered agent on October 13th and 18th. (Dkt. 85 at Exhs. 8, 9.)

On November 6, 2017, Plaintiff filed motions for entry of conditional judgments against Citation Respondents for their failure to respond to the citations. (*See* Dkt. 59, 61.) Citation Respondents filed the instant motion to quash on November 20, 2017, arguing that Plaintiff's citations were not properly served and therefore the Court lacks personal jurisdiction.

**Discussion**

Supplementary proceedings are governed by Illinois Supreme Court Rule 277. *See, e.g.*, *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1111 (N.D. Ill. 2012). Under Rule 277(b), "[t]he supplementary proceeding shall be commenced by the service of a citation on the party against whom it is brought." The citation "shall be served and returned in the manner provided by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default." Ill. Sup. Ct. R. 277(c). Rule 105(b) governs additional relief against parties in default and provides that service may be made in the following ways: (1) "by any person over 18

years of age not a party to the action," or (2) "[b]y prepaid certified or registered mail addressed to the party, return receipt requested, showing to whom delivered and the date and address of delivery." *Id.* at R. 105(b). If by certified or registered mail, Rule 105(b)(2) further instructs: "The notice shall be sent 'restricted delivery' when service is directed to a natural person. ***Service is not complete until the notice is received by the defendant, and the registry receipt is prima facie evidence thereof***." *Id.* (emphasis added). Plaintiff "bears the burden of demonstrating that proper service was effectuated." *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, at *2 (N.D. Ill. Apr. 19, 2013).

Citation Respondents argue that service was defective because no authorized person accepted the notices; and, as to Mr. Fullone, Plaintiff failed to send the certified mail "restricted delivery." (Dkt. 68 at ¶ 7.) In response, Plaintiff contends that Citation Respondents refused to take reasonable steps to ensure delivery of the mail and, in any event, received "actual or constructive notice" of the citations. (Dkt. 85 at p. 2.) Citation Respondents should therefore not be allowed to profit from "willfully ignoring" the citations. (*Id.* at p. 3.) Plaintiff also argues that mailing the citations at issue to ERI's registered agent removed any doubt that Mr. Fullone, ERI's president and owner, had actual knowledge, and that Mrs. Fullone in turn had knowledge as his wife. (*Id.* at p. 2.)

The Court finds that Citation Respondents have not been properly served. Rule 105(b) expressly states that "[s]ervice is not complete until the notice is received by the defendant." Ill. Sup. Ct. R. 105(b); *see, e.g.*, *Manley Motor Sales Co. v. Kennedy*, 95 Ill. App. 3d 199, 202 (2d Dist. 1981) (finding that the citation respondent had not been served in compliance with the rules when he was not personally served and had not signed a return receipt). Plaintiff has not

presented *prima facie* evidence of notice (the registry receipt) or any other evidence sufficient to show that Citation Respondents have received noticed.

Plaintiff cites to *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102 (N.D. Ill. 2012) to support its position that service may be effective even if the strict language of Rule 105(b) has not been satisfied as long as the citation respondent received notice. In *Shales*, the citation respondents argued that the plaintiff failed to achieve service because the notice was not sent "restricted delivery." As the citation was issued to a company rather than individuals, however, Rule 105(b) did not require restricted delivery. Additionally, contrary to the facts here, an employee of the registered agent accepted and signed for the citation notice which constituted *prima facie* evidence that the notice had been received. *Id.* at 1107.

Plaintiff also relies on *Martin v. C.D. Gray, Inc.*, 110 F.R.D. 398 (N.D. Ill. 1986). In *Martin*, the plaintiff served a citation on the judgment-debtor's attorneys at the time who made a representation in open court that all process had been transmitted to the judgment-debtor. *Id.* at 399–400. In denying the judgment-debtor's motion to quash, the Court noted that "'where the rules are inadequate[,] substantive due process requires only actual notice, that is, reasonable assurance that notice was actually given to the party.'" *Id.* at 401. As there was "no doubt" that the judgment-debtor received actual notice, the Court determined that due process had been satisfied. *Id.* Here, the lack of compliance with Rule 105(b) is not accompanied by the same assurance that Citation Respondents have received actual notice. Moreover, subsequent case law stresses that actual notice "is not an acceptable substitute for properly effected service." *Chico v. Miller*, No. 05 C 3101, 2005 WL 2664586, at *5 (N.D. Ill. Oct. 19, 2005); *see also McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (finding actual notice "insufficient" to satisfy procedural due process); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir.

1991) ("liberal construction of the rules of service of process 'cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had'"). As such, the Court finds *Martin* inapplicable.

Rule 105(b) makes clear that service is not considered complete until the notice is received by the addressee. Simply mailing the notice by certified or registered mail will not suffice; proof of receipt must be shown. Plaintiff has failed to satisfy Rule 105(b)'s basic requirements. The Court also notes that Rule 105(b) provides multiple ways to effectively serve Citation Respondents. If Plaintiff believes that Citation Respondents are evading service by certified mail, other (albeit more expensive) avenues remain available.

## CONCLUSION

For the reasons set forth above, the Court (1) grants Citation Respondents' motion to quash [68]; (2) denies Plaintiff's motion for conditional judgment against Maria Fullone [59]; and (3) denies Plaintiff's motion for conditional judgment against Frank Fullone [61].

**SO ORDERED.**  ENTERED: January 22, 2018

*M. David Weisman*
**M. David Weisman**
**United States Magistrate Judge**